L. Barron Hill, J.
Petitioner seeks to stay arbitration of a collective bargaining agreement between it and the respondent union. Respondent seeks to submit for arbitration the rights, duties and obligations of the parties to each other flowing from the failure of petitioner to effect a secondary boycott upon request of respondent pursuant to the provisions of a “ hot cargo ” clause contained in the collective bargaining agreement. This clause, in effect, prevents petitioner’s employees from handling “ non-union ” material when so requested by respondent.
*16 The issue presented is whether or not an instance of an unfair labor practice is presented such that the National Labor Relations Board has exclusive jurisdiction of the controversy which, in turn, would prevent arbitration subject to confirmation by this court.
Both parties seem to agree that the decision of Carpenters’ Union v. Labor Bd. (357 U. S. 93) is determinative of this motion; the parties disagree, however, on their interpretation of that decision as applied to the facts of this controversy.
Respondent admits in its memorandum that it seeks to do by indirection what it cannot do directly. Despite the existence of the hot cargo clause it cannot induce petitioner’s employees (members of respondent) to engage in a secondary boycott, and any attempt by it to do so is an unfair labor practice which violates section 8 (subd. [b], par. [4], cl. [A]) of the Labor Management Relations Act of 1947 (61 U. S. Stat. 136, 141; U. S. Code, tit. 29, § 158, subd. [b], par. [4], cl. [A]; Carpenters’ Union v. Labor Bd., supra).
While petitioner can voluntarily co-operate in a secondary boycott (Carpenters’ Union v. Labor Bd., supra) it is indicated that it cannot be compelled to do so even though it may be a party to a hot cargo clause. “ There is nothing in the legislative history to show that Congress directly considered the relation between hot cargo provisions and the prohibitions of § 8(b)(4)(A). Nevertheless, it seems most probable that the freedom of choice for the employer contemplated by § 8(b)(4)(A) is a freedom of choice at the time the question whether to boycott or not arises in a concrete situation calling for the exercise of judgment on a particular matter of labor and business policy. Such a choice, free from the prohibited pressures — whether to refuse to deal with another or to maintain normal business relations on the ground that the labor . dispute is no concern of his — must as a matter of federal policy be available to the secondary employer nohuithstanding any private agreement entered into between the parties.” (Carpenters’ Union v. Labor Bd., supra, p. 105; emphasis mine.)
In this instance, petitioner has already exercised its judgment not to engage in the secondary boycott. As a matter of Federal policy, this freedom of choice must be available to it notwithstanding the hot cargo clause in its agreement with respondent. Respondent, therefore, cannot compel, through arbitration, the 'specific performance called for in the hot cargo clause since it would violate the declared Federal policy on this matter.