█ In the Matter of the Arbitration between APEX LUMBER CORPORATION, Respondent, and LOCAL 1205, Affiliated with International Brotherhood of Teamsters, by Its Secretary-Treasurer, SIGMUND J. BROVARSKI, Appellant.— Appeal by notice dated November 6, 1958 (1) from so much of an order entered October 20, 1958, directing the parties to proceed to arbitration, as provided " that the issue and/or the granting of an award in the nature of a mandatory injunction directing the petitioner, Apex Lumber Corporation, to direct its employees to cease handling, transporting or working upon certain goods or materials may not be arbitrated " and (2) from so much of an order entered October 28, 1958 as on reargument and rehearing adhered to the original decision. On May 1, 1957 respondent (engaged in interstate commerce) and appellant signed a collective bargaining agreement containing a " hot cargo " clause which provided (a) that respondent recognized the right of the appellant to instruct its members to refuse to perform work for any other employer engaged in a dispute with the appellant, (b) that the refusal on the part of the employees to perform such work was not a breach of the agreement, and (c) that respondent could not require any employee to do such work. The agreement also contained an arbitration clause. The record indicates that appellant had a dispute with Reserve Supply Corporation of L. I. and that respondent had a contract to purchase building supplies from Reserve. On June 27, 1958 appellant requested respondent to direct its employees (members of appellant) not to perform any work in connection with Reserve, i.e., to deliver or pick up or handle goods to and from Reserve. Respondent failed to comply with the request. On August 26, 1958 the appellant served respondent with a notice of arbitration on the question as to whether respondent violated the " hot cargo " clause and, if so, what the remedy should be. Appeal from order entered October 20, 1958 dismissed, without costs. (Cf. *Graffeo* v. *Graffeo,* 7 A D 2d .741.) Order entered October 28, 1958, insofar as appealed from, affirmed, with $10 costs and disbursements. The arbitrator could not grant a mandatory injunction under the circumstances here for two reasons: (a) the " hot cargo " clause contains no affirmative obligation on the part of respondent to direct its employees not to handle the goods of any other employer, and (b) even if there were such an obligation contained in the collective bargaining agreement, respondent as the secondary employer would have the choice of abiding or refusing to abide by it at the time of the secondary boycott. (*Carpenters' Union* v. *Labor Bd.,* 357 U. S. 93.) Since respondent must be given that choice as a matter of Federal policy, neither the appellant nor the arbitrator may take that choice from it. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. [15 Misc 2d 15.]